UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JEANNETTE TURNER, SHANA GUIOL, GREG GUIOL, TIANA MONTALFO, and KEN McCARTY, | No. 2:21-cv-01131 WBS DMC |
| Plaintiffs, | ORDER RE: MOTION TO DISMISS COMPLAINT |
| v. | |
| COUNTY OF TEHAMA, DAVID GREER, and DAVID HENCRAFT, | |
| Defendants. | |

----oo0oo----

Plaintiff Jeannette Turner and her children, Shana Guiol, Greg Guiol, Tiana Montalfo, and Ken McCarty, brought this action against Tehama County, David Greer, and David Hencraft under 42 U.S.C. § 1983 for alleged violations of constitutional rights and for infliction of emotional distress under California law.  (See Compl. (Docket No. 1).)  Plaintiffs allege defendants improperly searched Turner's home, arrested her, and sought her prosecution for perjury without legal justification, leading to her conviction, in violation of her Fourth Amendment rights and

1

1  of plaintiffs' First Amendment right to familial association.

2  (See id.)  Plaintiffs brought this action after Turner's perjury

3  conviction was overturned in 2020.  (See id.)  Defendants now

4  move to dismiss the complaint.  (See Mot. (Docket No. 8-1).)

5  I.   Factual and Procedural Background

6         Plaintiff Turner moved to Tehama County in 1995.

7  (Compl. at ¶¶ 1, 6.)  She previously qualified as a Supplemental

8  Security Income ("SSI") recipient, but her SSI benefits were

9  suspended pending appeal.  (Id. at ¶ 5.)  In June of 1995, the

10  County required Turner to re-apply for SSI and Aid to Families

11  with Dependent Children ("AFDC") benefits.  (Id. at ¶¶ 6-7.)

12         Based on alleged contradictions between her AFDC

13  application and loan applications, in February of 1996 defendants

14  sought perjury charges against Turner.  (Id. at ¶¶ 9, 11.)  The

15  Tehama District Attorney's Office charged her with perjury, and

16  she was arrested and jailed.  (Id. at ¶ 11.)  In July of 1996,

17  defendant Greer and others sought a search warrant to support the

18  charge, and Greer, defendant Hencraft, and others executed the

19  warrant at Turner's home and again arrested Turner.  (Id. at ¶¶

20  13-14.)

21         Plaintiffs allege that, despite Turner's proof of

22  entitlement to the benefits for which she had applied,[1] the

23  District Attorney's office continued to pursue the perjury charge

24  "at the urging" of Greer, Hencraft, and others, who "misled" the

25  District Attorney's office by providing "false evidence."  (Id.

26  at ¶ 16.)  Turner was convicted of perjury in October of 1996.

27  _____

28  [1]    Her appeal of the suspension of benefits was granted in
    June of 1996, and her were benefits reinstated.  (Id. at ¶ 12.)

2

1  (Id. at ¶¶ 16, 18.)   On November 14, 1996, Greer obtained a bench

2  warrant for her arrest because she was late to a required court

3  appearance, and he arrested her upon her arrival.   (Id. at ¶ 18.)

4       In February of 1997, Turner was sentenced to three

5  years in prison, a sentence that was stayed pending appeal.   (Id.

6  at ¶ 19.)   While the appeal was pending, she was charged with

7  drug possession based on methamphetamine allegedly found in her

8  closet during the July 1996 search of her home, to which she pled

9  guilty.   (Id. at ¶¶ 20-21.)   In February of 1998, she was jailed

10  again for one day, and although no charges were filed, her car

11  was impounded and she had to pay to retrieve it.   (Id. at ¶ 23.)[2]

12       Turner began serving her sentence in April of 1998 and

13  was released from prison by "the early 2000s."   (Id. at ¶¶ 24,

14  28.)   In 2017, California enacted Penal Code section 1473.7,

15  which allowed post-conviction relief for defendants with new

16  evidence of their innocence and extended the available time to

17  prove it.   (Id. at ¶ 30.)   Pursuant to section 1473.7, on June

18  10, 2020, the Tehama County Superior Court ordered that Turner's

19  perjury conviction be overturned.   (Id. at ¶ 33.)[3]   Plaintiffs

20  brought this action on June 25, 2021.   (See Compl.)

21  II.   Discussion

22       The inquiry in addressing a Rule 12(b)(6) motion is

23  whether, taking the allegations in the complaint as true and

24

25       [2]     Plaintiffs have not indicated why Turner was jailed on
    this occasion or whether it relates to the other noted charges.

26

27       [3]     Plaintiffs' filings do not state the basis for Turner's
    conviction being overturned, though at oral argument plaintiffs'
    counsel stated that it was because the false statements in her
28  benefits application were immaterial to her actual eligibility.

1    drawing all reasonable inferences in the plaintiff's favor, the

2    complaint has alleged "sufficient facts . . . to support a

3    cognizable legal theory," Navarro v. Block, 250 F.3d 729, 732

4    (9th Cir. 2001), and thereby stated "a claim to relief that is

5    plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544,

6    570 (2007).  Courts are not, however, "required to accept as true

7    allegations that are merely conclusory, unwarranted deductions of

8    fact, or unreasonable inferences."  Sprewell v. Golden State

9    Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

10            The complaint contains claims for violation of

11   plaintiffs' First Amendment right to familial association and for

12   infliction of emotional distress.  (See Compl.)  It also refers

13   to their Fourth, Fifth, and Fourteenth Amendment rights, and its

14   cover sheet lists the cause of action as "wrongful prosecution &

15   search."  (See id. at ¶¶ 4, 40; Docket No. 1-1.)  The inclusion

16   of the County also indicates that plaintiffs intend to assert a

17   claim for municipal liability under Monell.  (See Compl.)

18       A.   Constitutional Claims

19            Defendants argue that plaintiffs' claims, which are

20   based on events that took place in the 1990s, are barred by the

21   applicable statute of limitations.  (See Mot. at 12-15.)  The

22   statute of limitations for a § 1983 claim is based on state law,

23   Wallace v. Kato, 549 U.S. 384, 387 (2007), which in California is

24   two years, Jackson v. Barnes, 749 F.3d 755, 761 (9th Cir. 2014).

25            However, "a § 1983 cause of action for damages

26   attributable to an unconstitutional conviction or sentence does

27   not accrue until the conviction or sentence has been

28   invalidated."  Heck v. Humphrey, 512 U.S. 477, 489-90 (1994).

Case 2:21-cv-01131-WBS-DMC   Document 14   Filed 02/10/22   Page 5 of 10

1  Since Turner's perjury conviction was overturned on June 10,

2  2020, any § 1983 claim attributable to her conviction did not

3  accrue until that date and therefore was not time-barred when

4  this action commenced.  See id. at 486-90.  Conversely, any claim

5  not so attributable is now barred by the statute of limitations.

6            1.   Fourth Amendment – Unlawful Search and Seizure

7            The complaint alleges defendants improperly obtained

8  and executed a search warrant at Turner's home in July of 1996.

9  (See Compl. at ¶¶ 13-14.)  The only fruit of this search noted in

10  the complaint, however, was methamphetamine, for which Turner was

11  separately convicted of possession.  (Id. at ¶ 20.)  Because the

12  complaint does not allege that this conviction has been

13  overturned, a finding that the search was unconstitutional would

14  violate Heck, and thus plaintiffs' challenge is barred.[4]

15            2.   Fourth Amendment – Wrongful/Malicious Prosecution

16            Defendants concede the malicious prosecution claim is

17  not time-barred because it did not accrue until 2020, when

18  Turner's conviction was overturned.  (See Reply at 2 (Docket No.

19  12).)  Even so, plaintiffs fail to plead sufficient facts showing

20  any defendant caused Turner's prosecution, a required element of

21  any § 1983 claim.  See Hydrick v. Hunter, 669 F.3d 937, 942 (9th

22  Cir. 2012); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

23            When a plaintiff is arrested pursuant to a prosecutor's

24  decision to bring charges, that decision is often "a superseding

---

25       [4]    Plaintiffs challenge the impoundment of Turner's car,
26  (Compl. at ¶ 23.), but offer no indication of how this claim is
    not time-barred.  Their opposition also asserts that Turner
27  "suffered a warrantless search that led to her first arrest and
    charges of perjury in February of 1996," (Opp. at 10), but no
28  such search is alleged in the complaint.

5

1    or intervening cause of [the] constitutional tort plaintiff's

2    injury, precluding suit against the officials who made an arrest

3    or procured a prosecution."  See Beck v. City of Upland, 527 F.3d

4    853, 862 (9th Cir. 2008).  This is due to "a rebuttable

5    presumption that a prosecutor exercises independent judgment

6    regarding the existence of probable cause in filing a complaint."

7    Smiddy v. Varney, 803 F.2d 1469, 1471 (9th Cir. 1986) (citation

8    omitted).  This presumption may be rebutted, however, if

9                    the prosecutor was pressured by police or was
                    given false information; the police 'act[ed]
10                   maliciously or with reckless disregard for the
                    rights of an arrested person'; the prosecutor
11                   'relied on the police investigation and arrest
                    when he filed the complaint instead of making an
12                   independent judgment on the existence of probable
                    cause for the arrest'; or the officers 'otherwise
13                   engaged in wrongful or bad faith conduct that was
                    actively instrumental in causing the initiation
14                   of legal proceedings.'

15   Beck, 527 F.3d at 862-63 (citations omitted).

16           Many of the allegations regarding defendants' role in

17   Turner's prosecution are conclusory and unsupported by averments

18   of fact.  For example, plaintiffs allege Greer and Hencraft

19   prompted the decision to prosecute Turner by "urging" the

20   district attorney to do so and by "misle[ading]" her with "false

21   evidence."  (Compl. at ¶ 16.)  However, plaintiffs do not

22   indicate what the alleged false evidence defendants provided was.

23           Further, although the complaint suggests probable cause

24   to prosecute Turner was lacking because the false information in

25   her benefits application was immaterial to her eligibility, (see

26   id. at ¶¶ 5-17), it does not allege that Greer and Hencraft had

27   exclusive possession of this information and withheld it from the

28   district attorney, causing her to be unaware that probable cause

                                   6

1   was lacking, see Beck, 527 F.3d at 862-63.  And while plaintiffs'

2   opposition states that defendants failed to disclose the fact

3   that Turner qualified for SSI benefits "when seeking a search

4   warrant," (Opp. at 13) -- a detail not alleged in the complaint -

5   - it does not state that they prevented the district attorney

6   from learning of Turner's actual qualification status.[5]

7           Accordingly, the complaint fails to state a claim for

8   malicious prosecution under § 1983.

9                   3.    First Amendment – Interference with Familial
                          Association
10

11          Plaintiffs also allege they were wrongfully separated

12   while Turner was incarcerated, in violation of their First

13   Amendment right to familial association.  (See Compl. at ¶ 40.)

14          Although the Ninth Circuit has recognized claims under

15   the First Amendment "for unwarranted interference with the right

16   to familial association," Keates v. Koile, 883 F.3d 1228, 1236

17   (9th Cir. 2018) (citation omitted), neither the parties nor the

18   court have identified precedent evaluating such claims under

19   these circumstances.  Even so, plaintiffs' First Amendment claim

20   is likewise deficient because the complaint fails to plausibly

21   allege that defendants caused Turner's incarceration, as it does

22   not plead facts showing they, and not the District Attorney, were

23   responsible for her prosecution.  See Hydrick, 669 F.3d at 942.

24   As such, this claim must also be dismissed.

25          [5]    Because the complaint does not indicate why Turner's
26   conviction was overturned, any malicious prosecution claim also
     fails because such claims must allege that the prosecution or
27   conviction was terminated in a way reflecting the defendant's
     innocence.  See Mills v. City of Covina, 921 F.3d 1161, 1170-71
28   (9th Cir. 2019).

1              4.    Fourteenth Amendment

2              Plaintiffs' only reference to the Fourteenth Amendment

3    relates to jurisdiction.  (See Compl. at ¶ 4.)  However, "[w]here

4    government behavior is governed by a specific constitutional

5    amendment, claims under section 1983 alleging unlawful government

6    action must be evaluated under that specific constitutional

7    provision," rather than under the Fourteenth Amendment.  Sanchez

8    v. City of Fresno, 1:12-cv-428 LJO SKO, 2014 WL 204058, at *5

9    (E.D. Cal. May 16, 2014) (citing Albright v. Oliver, 510 U.S.

10   266, 273 (1994)).  Because plaintiffs' claims arise under the

11   First and Fourth Amendments, they must be assessed thereunder.

12   The court will therefore dismiss the Fourteenth Amendment claim.[6]

13             5.    Municipal Liability

14             A municipality may be held liable under § 1983 only

15   when execution of one of its policies or customs causes violation

16   of a plaintiff's constitutional rights.  Monell v. Dep't of Soc.

17   Servs. of City of N.Y., 436 U.S. at 694.  For such claims, a

18   complaint must identify "facts regarding the specific nature of

19   th[e] alleged 'policy, custom[,] or practice.'"  A.E. ex rel.

20   Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012).

21             Plaintiffs' complaint does not specify what "policy,

22   custom, or practice" they claim caused the alleged violations or

23   indicate which rights such policy or custom violated.  See id.

24   Although their opposition states that they seek to challenge the

25   County's misapplication of regulations in determining Turner's

26          ───────────────────
          [6]    The complaint also references the Fifth Amendment in
27   noting jurisdiction.  (See Compl. at ¶ 4.)  Because plaintiffs do
     not otherwise mention this amendment, nor is an alleged Fifth
28   Amendment violation apparent, the court will not address it here.

                              8

1  eligibility for benefits, (see Opp. at 13-14), this is not stated

2  in the complaint.  Nor do plaintiffs allege facts showing such

3  misapplication amounted to a "practice[ ] . . . so permanent and

4  well settled as to constitute a 'custom or usage' with the force

5  of law," Monell, 436 U.S. at 691 (citation omitted), as it must

6  to state a Monell claim.[7]  The court will therefore grant the

7  motion to dismiss plaintiffs' § 1983 claims against the County.

8         B.   State Law Claims

9         The complaint also alleges that "the employees of the

10 county," through "their conduct," "caused emotional distress to

11 each of the plaintiffs."  (Compl. at ¶¶ 43.)  California law

12 provides for two kinds of tort claims premised on infliction of

13 emotional distress: intentional infliction of emotional distress

14 and negligent infliction of emotional distress.  See Huntingdon

15 Life Scis., Inc. v. Stop Huntingdon Animal Cruelty USA, Inc., 129

16 Cal. App. 4th 1228, 1259, 1264 (4th Dist. 2005).

17        To state a claim for intentional infliction, "a

18 plaintiff must show: (1) outrageous conduct by the defendant; (2)

19 the defendant's intention of causing or reckless disregard of the

20 probability of causing emotional distress; (3) the plaintiff's

21 suffering severe . . . emotional distress; and (4) actual and

22 proximate causation."  Id. at 1259.  Negligent infliction of

23 emotional distress, on the other hand, is simply a species of the

24 tort of negligence.  Lawson v. Mgmt. Activities, Inc., 69 Cal.

25 App. 4th 652, 656 (4th Dist. 1999).  As with any negligence

26

27        [7]   Nor would such allegations show how plaintiffs' Monell
   claim -- based on events in the 1990s -- is not time-barred.

28

1  claim, a plaintiff must allege "the traditional elements of duty,

2  breach of duty, causation, and damages."  Id. at 657 (internal

3  quotation marks and citation omitted).

4        Here, plaintiffs' complaint fails to provide even the

5  most basic details such as (1) which defendants are being sued on

6  each claim, (2) for what particular conduct each is being sued,

7  (3) which plaintiffs were affected by that conduct and how it

8  harmed them (beyond the vague allegation that "each of the

9  plaintiffs" suffered "emotional distress"), and (4) how the

10  particular harm those plaintiffs suffered is directly

11  attributable to specific conduct by particular defendants.  Nor

12  are facts supporting the other elements of either claim alleged.

13  As such, plaintiffs' state law claims for intentional and/or

14  negligent infliction of emotional distress must be dismissed.

15        IT IS THEREFORE ORDERED that defendants' motion to

16  dismiss plaintiffs' complaint (Docket No. 8) be, and the same

17  hereby is, GRANTED.

18        Plaintiffs have twenty days from the date of this Order

19  to file an amended complaint, if they can do so consistent with

20  this Order.

21  Dated:  February 9, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28